Hon. Barbara A. DeBuono Formal Opinion Commissioner No. 96-F9 NYS Department of Health Corning Tower Empire State Plaza Albany, N Y 12237
Dear Commissioner DeBuono:
You have requested a formal opinion as to whether members of Regional Emergency Medical Services Councils (REMSCOs) and Regional Emergency Medical Advisory Committees (REMACs) are entitled to defense and indemnification under section 17 of the Public Officers Law.
The Commissioner of Health, with the approval of the State Emergency Medical Services Council (Council), is responsible for designating REMSCOs throughout the State from applications by local organizations knowledgeable in various aspects of emergency medical services. Public Health Law § 3003(1). Applications describe the geographic area to be served, must include a list of nominees for appointment to membership and a statement as to the proposed method of operation in such detail as is prescribed by the Commissioner with the approval of the Council. Id., § 3003(1). REMSCOs are comprised of at least 15 but not more than 30 members nominated by the local organizations and are initially appointed by the Commissioner with the approval of the Council. Id., § 3003(2). Once established, REMSCOs may make by-laws for their organization and internal management. Id., § 3003(3)(c). Not less than one-third of the membership must be representatives of ambulance services and the remaining members are to include representatives of existing local emergency medical care committees, physicians, nurses, hospitals, health planning agencies, fire department emergency rescue squads, public health officers and the general public. Id., § 3003(2). The county emergency medical service coordinator is an ex officio member of the REMSCO. Id., § 3003(2). Members of REMSCOs must be residents of the geographic area served by the council. Id., § 3003(2). Upon the request of a REMSCO, the Commissioner of Health may assign employees of the Department to the council, including an officer or employee to act as secretary. Id., § 3003(8).
REMSCOs are empowered to acquire real and personal property; enter into contracts for employment of officers and employees and fix their qualifications, duties and compensation; retain and employ personnel; engage private consultants for provision of professional or technical services and advice; undertake plans, surveys and studies desirable for the effectuation of its powers; and contract for and accept gifts, grants and other financial aid from any source, including the Federal or State government. Id., § 3003(3). REMSCOs are authorized annually to develop, promulgate and implement emergency medical services training plans which address the needs of their regions. Id., § 3003(3)(i). They recommend to the Department of Health approval of training course sponsors in the area. Id.They coordinate emergency medical services programs within their regions, including the establishment of emergency medical technician courses and the issuance of uniform emergency medical technician insignia and certificates. Id., § 3003(4). REMSCOs make determinations of public need for the establishment of additional emergency medical services and ambulance services. Id., § 3003(5). They are authorized to grant exemptions from staffing standards to voluntary ambulance services operating solely with enrolled members or paid emergency medical technicians, which have demonstrated a good faith effort to meet the standards but are unable to for reasons deemed appropriate by the REMSCO. Id., § 3003(5-a). Exemptions are conditioned on participation of the voluntary ambulance service in a program to achieve compliance, which includes technical assistance and support from the REMSCO. Id.We note also that
 No civil action shall be brought in any court against any member, officer or employee of any designated regional council for any act done, failure to act, or statement or opinion made, while discharging his duties as a member, officer or employee of the regional council, without leave from a justice of the supreme court, first had and obtained. In any event such member, officer or employee shall not be liable for damages in any such action if he shall have acted in good faith, with reasonable care and upon probable cause.
Id., § 3003(9).
Thus, REMSCOs are designated by the Commissioner of Health with the approval of the State Emergency Medical Services Council (created in the Department of Health [id., § 3003(1)]) and have been granted specific powers under State law relating to the training, assisting and certifying of emergency medical services and voluntary ambulance services.
Regional Emergency Medical Advisory Committees (REMACs) are comprised of a group of five or more physicians, and one or more non-voting individuals representative of each of the following: hospitals, basic life support providers, advanced life support providers and emergency medical services training sponsor medical directors. Nominees are approved by the affected REMSCOs. Id., §§ 3001(16), 3003(1). Among a REMACs' responsibilities are the development of triage, treatment and transportation protocols which are consistent with State-wide standards (id., § 3002-a[2]), and which address specific local conditions.Id., § 3004-a(1). They may approve physicians to provide on-line medical control, coordinate the development of regional medical control systems, and participate in quality improvement activities addressing system-wide concerns. Id.Hospitals and other medical care providers may release patient outcome information to REMACs so they may assess pre-hospital care. Id.REMACs transmit nominations of physicians experienced in emergency care to the Commissioner of Health to serve on the State Emergency Medical Advisory Committee. Id., § 3004-a(2). Decisions of REMACs regarding the level of care, including staffing requirements, may be appealed to the Committee (see, id., § 3002-a[2]) by any REMSCO, ambulance service, emergency medical technician, and others. Id., § 3004-a(4).
Thus, REMACs develop triage, emergency treatment and transportation protocols addressing local conditions and consistent with State-wide standards. These duties are delegated by statute and promote the provision of effective emergency care within the REMAC's jurisdiction. Their members are approved by REMSCOs, which are organizations designated by the Commissioner of Health with the approval of the State Emergency Medical Services Council. The above-quoted language relating to liability of members of REMSCOs also has been applied to members of REMACs. Id., § 3004-a(3).
Section 17 of the Public Officers Law provides for defense and indemnification of any State "employee", defined as "any person holding a position by election, appointment or employment in the service of the state, whether or not compensated . . .". Public Officers Law §17(1)(a). In our view, members of REMSCOs and REMACs are employees within the meaning of section 17 and are eligible to receive defense and indemnification.
In a 1989 opinion (No. 89-F2), we concluded that local Emergency Planning Committees are covered by section 17. Under the Federal Superfund Law, the Governor established a State Emergency Response Commission which in turn established emergency planning districts throughout the State. Local Emergency Planning Committees were appointed by the State Emergency Response Commission to serve each local planning district. These local committees included representatives of State and local government, law enforcement personnel and other members of the community, including community groups. The local Emergency Planning Committees were given two main functions — the identification of hazardous materials and their use within the region and the preparation and implementation of a comprehensive emergency response plan in the event of a release of hazardous materials. In Formal Opinion No. 89-F2, we found that section 17 applied because the members of local emergency planning committees were appointed by the State Committee, a division of the Executive Department and, in creating, implementing and enforcing compliance with emergency plans were in the service of the State within the meaning of section 17.
Similarly, REMSCOs are designated by the Commissioner of Health with the approval of the State Emergency Medical Services Council, created in the Department of Health. REMAC members are approved by the affected REMSCO. Each entity performs duties under State law to promote the effective provision of emergency medical services throughout the State. They are integral parts of a State system to ensure that emergency personnel are properly trained and prepared and render emergency medical services, consistent with State standards and meeting local needs. In performing these responsibilities, the members of REMSCOs and REMACs are in the service of the State within the meaning of section 17 of the Public Officers Law.
We conclude that members of Regional Emergency Medical Services Councils and Regional Emergency Medical Advisory Committees are entitled to defense and indemnification on the terms and conditions of Public Officers Law § 17 in any civil action or proceeding arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred when they are acting within the scope of their statutory duties. As an ex officio member of a REMSCO, the county medical services coordinator would receive defense and indemnification by the county in relation to his or her REMSCO responsibilities.
Defense and indemnification would also be subject to sections 3003(9) and 3004-a(3) of the Public Health Law, which provide that no civil action may be brought against any member, officer or employee of a REMAC or a REMSCO for any act, failure to act, or statement or opinion made, while discharging his or her duties, without prior permission from a justice of the supreme court. Further, under these provisions a member, officer or employee is not liable for damages if he or she acts in good faith, with reasonable care and upon probable cause.
Very truly yours,
DENNIS C. VACCO, Attorney General